## Convers *versus* Vanatta.

1. After a vendee of land had accepted a conveyance with general warranty and had undisputed possession, the vendor could maintain covenant after the time stipulated in the agreement for the payment of the whole purchase-money had expired, though a small undivided interest in the premises was outstanding at the institution of the suit, which, however, was conveyed to the vendee before trial. The plaintiff having a right of action *at law*, could repel the defendant's equitable defence, at the trial.

2. No question having been raised in the Court below as to *the costs* of the suit, the decision as to them was not the subject of review.

ERROR to the Common Pleas of *Tioga county*.

This was an action of covenant by Howland Vanatta *v.* M. M. Convers, to December Term, 1851, to recover a small portion of purchase-money upon a tract of land sold by Vanatta to Convers by articles of agreement of 17th February, 1851, by which the plaintiff agreed to convey to the defendant by deed with general warranty, a tract of 100 acres, for which the defendant was to pay $700, all to be paid by 1st May, 1851. Before the 1st of May, 1851, the defendant paid about $650. On 19th February, 1851, Vanatta and wife executed a deed with general warranty, which was delivered to the defendant; and in the spring or summer of 1851 the defendant took possession by his tenant.

The land conveyed had belonged to the father of the plaintiff, who left a widow and eight children. One of the children had conveyed the one-half of his interest to his mother, who died in July, 1850. Before her *death* the several brothers and sisters, except one, conveyed to the plaintiff by deeds of general warranty; and a deed to the plaintiff for the interest of that heir was exhibited on the trial of this suit. It was dated prior to its institution, viz. 7th September, 1853, but it was alleged, on part of the defendant, that it had not been delivered to him or notice of it given to him before the trial.

Points were submitted on part of the defendant, but none especially with respect to the recovery of *costs* in the suit.

WHITE, President Judge, charged that the acquisition by the several heirs, after their several conveyances to the plaintiff with general warranty, of another interest, would enure to the benefit of the plaintiff, and that the defendant not having shown an outstanding indisputable title in a third person who was asserting such title, the plaintiff was entitled to recover. On February 17, 1854, verdict was rendered for the plaintiff for $57.97.

Error was assigned to the charge.

*Sherwood*, for plaintiff in error.—If an adverse title or encum-

brance is discovered before the purchase-money is paid, it is a defence against the recovery of the purchase-money : 1 *Ser. & R.* 438 ; *Id.* 165 ; 16 *Id.* 260 ; 5 *Id.* 201 ; 3 *W. & Ser.* 394 ; 8 *Id.* 206 ; 10 *Barr* 73. The conveyance of the outstanding claim having been delivered after suit brought, the recovery should have been subject to the payment.of the costs of the suit.

The opinion of the Court was delivered by

Lewis, C. J.—This is an action of covenant to recover a small portion of the purchase-money alleged to be due and unpaid upon a tract of land sold by Vanatta to Convers by articles of agreement of the 17th February, 1851. A deed of conveyance was executed and possession of the premises given two days after the articles were signed. But it appeared that at the time the present action was brought a small undivided interest in the land was outstanding. This was conveyed to the defendant before the trial. It is admitted by the plaintiff in error in this Court that he has at present a perfect title to the land, and that the only injustice caused by the verdict is that it obliges him to pay the costs of the action. This he might have avoided if he had drawn the attention of the Court to that circumstance as the real difficulty of his case. But, not content with justice, he attempted to turn the plaintiff out ' of Court entirely on the technical ground that although the title was good at the time of the trial it was bad at the commencement of the suit. *On that ground alone* the defendant below, notwithstanding that he had accepted the conveyance and was enjoying the undisturbed possession, demanded a direction " *that there can be no recovery in this suit.*" That direction was refused.

There was a positive covenant to pay the whole purchase-money by the 1st day of May, 1851. On this covenant, after the defendant had accepted a conveyance with general warranty, and had taken possession, the plaintiff had a remedy *at law* for the unpaid purchase-money. He was under no necessity to ask the aid of a court of equity, or to submit to the terms which a chancellor may impose as the condition of his intervention. But the defendant, in case of a partial failure of title, might, *upon equity principles,* demand a deduction from the purchase-money to the extent of its value. This equity might, however, be repelled by extinguishing the outstanding title and completing that of the defendant *at any time. before the decree :* 1 *Wheat.* 179. In Pennsylvania, in such a case, a defect of title may be cured *after suit brought* : Moss *v.* Hanson, 5 *Harris* 382 ; Ker *v.* Kitchen, 5 *Harris* 433. It is true that, where the vendor is compelled to ask the aid of chancery to compel specific performance of a contract for the sale of land, the relief will, in general, be denied him where he was merely speculating on titles which were not within

[Convers *v.* Vanatta.]

his control at the time of his contract; but here the vendor stood upon his covenant at law, with conveyance and possession accepted by the vendee. In such a case it is sufficient that he answers the defendant's equity when it is presented at the trial: Ley *v.* Huber, 3 *Watts* 368.

Taking the facts as conceded in this Court, the instructions have done the plaintiff in error no injustice. As he raised no question in regard to the costs, the decision of the Court in respect to them is not here for review.

Judgment affirmed.